MOBILE, JACKSON & KANSAS CITY RAILROAD COMPANY *v.*
LILLIAN HOYE.

[40 South. Rep., 5.]

EMINENT DOMAIN. *Jurisdiction. Code* 1892, §§ 1679, 1680. *Equity.*

The special court of eminent domain created by Code 1892, §1680,
has exclusive jurisdiction of eminent domain proceedings, as pro-
vided by Code 1892, § 1679, and the right of eminent domain
cannot be enforced in equity either by an original bill or a cross-
bill.

FROM the chancery court of Newton county.

HON. JAMES L. McCASKILL, Chancellor.

Mrs. Hoye, the appellee, was complainant in the court below;
the railroad company, the appellant, was defendant there. From
a decree favorable to complainant, sustaining her demurrer to
defendant's cross-bill, the defendant appealed to the supreme
court.

Mrs. Hoye filed a bill to remove clouds from title to certain
land. The bill alleges that on April 16, 1900, her husband con-
veyed the property in question to complainant by warranty deed,
which was placed of record immediately; that on June 4, 1903,
the appellant railroad company instituted proceedings against
her husband and vendor, seeking to condemn the land for the
benefit of the railroad company; that an eminent domain court
was constituted and proceedings duly had whereby it is pretended
that said lands were condemned; that she was not a party to the
proceedings, and had no notice thereof until after the adjudica-
tion. The bill charges that the railroad company was not enti-
tled to the property in question by reason of the judgment of the
eminent domain court, and that, such judgment being void, it is
but a cloud upon her title. Complainant prayed that the judg-
ment of the court of eminent domain be declared void. The
defendant answered, alleging that it was without information

as to complainant's title, and admitted that its only claim to the land was by virtue of the eminent domain proceedings. It made its answer a cross-bill, and alleged that the eminent domain proceedings were defended by the regularly retained attorneys of Mr. and Mrs. Hoye, and that said attorneys had due notice of the proceedings and appeared to defend; that the complainant is estopped by the action of her attorneys from attacking the eminent domain proceedings. The railroad company offered to pay Mrs. Hoye the amount adjudged by the eminent domain court to be a fair value of the property. It prays for a decree adjudging the proceedings of the eminent domain court as valid and authorizing the railroad company to enter upon the land, upon the payment or tender of the amount fixed by the verdict of the jury under the eminent domain proceedings, or, if the court should decline to do this, then that it assess the value of the land in controversy and condemn the same. Mrs. Hoye demurred to the cross-bill. The court sustained the demurrer.

*McIntosh & Rich,* and *J. R. Byrd,* for appellant.

The matter of most serious contention is, whether the chancery court has jurisdiction to determine the rights of the parties in this suit and fix due compensation which this appellant shall pay to appellee for the use of the land in the event the court should hold that the condemnation proceedings had in the case were not binding on appellee.

It is one of the rules of equity, as laid down in the text-books, as well as adjudicated by our courts, that once the chancery court has assumed jurisdiction of a case it shall retain it for the purpose of granting full relief and adjusting the rights of all the parties in regard to the entire subject-matter involved.

In this case the court had assumed jurisdiction upon the application of appellee, by filing her original bill and asking that the railroad company (appellant) be enjoined and restrained from using said property or from insisting upon the validity of the condemnation proceedings, which it had already had, and for

the purpose of having canceled as a cloud upon her title the award of the jury, as recorded in the chancery clerk's office.

There could be no question, nor is any question attempted to be raised, that the chancery court had jurisdiction for the purposes prayed for in the original bill of appellee; then, having jurisdiction for one purpose, it will retain it in order that full justice may be done to all the parties in interest in the whole subject-matter involved. *Railway Co.* v. *Brooks,* 66 Miss., 583 (s.c., 6 South. Rep., 467); *Virginia, etc., Co.* v. *Hill,* 93 Ala., 542; Lewis on Eminent Domain, sec. 715; *North, etc., R. R. Co.* v. *Booream,* 28 N. J. Eq., 450.

*Amis & Dunn,* for appellee.

Equity will not undertake, because it has assumed jurisdiction of a suit between two parties, to settle all rights and controversies between them, but will only undertake to settle all the rights and controversies between them touching the particular matter under consideration.

An equity court will not, in one suit, undertake to settle all the rights and equities between the parties to a suit before it, growing out of the multitudinous affairs of life, but will only undertake to settle those rights and those equities which grow out of the particular controversy under consideration, or which spring therefrom and have their root therein, as a necessary corollary or incident thereto.

The railroad company, by its own consent, and without the consent of Mrs. Hoye—without her act or procurement, and, so far as the record shows, even without her knowledge—has clouded her title to the lands in question by procuring the entry of the judgment in the special eminent domain court. This judgment is a real cloud, and a harmful cloud, upon her title; because, so long as it remains, she will be unable to sell or dispose of the land or put it to any use to which it is suited. When she comes to have the court remove that cloud, placed upon her title without her knowledge or consent, the railroad company appears

by its cross-bill, admitting the invalidity of its claim to the land under and by virtue of the proceedings in the eminent domain court, but insists that it still desires the land, and that it has a legal right by the exercise of the power of eminent domain to take and pay for the same, and prays the court to enforce that right.

To us it seems clear that this is a separate and distinct demand —a separate and distinct suit, in no wise connected with the original controversy between the parties—to wit, the cancellation of the eminent domain court's judgment as a cloud upon complainant's title.    And if so, then it is not a matter of equity cognizant in this suit.

Another distinction that might be taken at this point is that, in the exercise of the power of eminent domain, the railroad company becomes, for the instant, the sovereign power of the state, and as such represents the public in the taking of private property for the public use, without the consent of the owner. In such case, the railroad company is the agent of the sovereign power, appointed by the legislature to exercise this great and delicate power, and the manner of its exercise should be strictly and literally pursued.    As a defendant to the original bill in this cause—which sought only to cancel a void judgment as a cloud upon complainant's title—the railroad company acted merely for its own interest, as any other private corporation would act under like circumstances; but when it comes to exercise the power of eminent domain, it acts for the public good, and not for its private interest.    We therefore insist that it would be incompatible for the railroad company to attempt in this suit to exercise the power of eminent domain, as prayed in the cross-bill.

CALHOON, J., delivered the opinion of the court.

The exercise of the right of eminent domain cannot be decreed in equity, either on original bill or cross-bill.    The course to pursue is in the manner and in the special tribunal prescribed by

Code 1892, § 1679.   That is exclusive.   Complainant below, the appellee here, was not estopped.

*Affirmed, at appellant's costs, but remanded.*